# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>FOR THE USE AND BENEFIT OF<br>AXXIS BUILDING SYSTEMS, INC.<br><br>**Plaintiff,**<br><br>v.<br><br>AMERESCO, INC., WESTERN SURETY<br>COMPANY and LIBERTY MUTUAL<br>INSURANCE COMPANY,<br><br>**Defendants.** | § § § § § § § § § § § § § § | Case No. _____ |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff United States of America for the Use and Benefit of Axxis Building Systems, Inc. complains of Ameresco, Inc., Western Surety Company, and Liberty Mutual Insurance Company and respectfully shows as follows:

1. This is an action arising from construction projects on two separate federal correctional facilities – FCI Fort Worth, and FMC Carswell. Defendant Ameresco contracted with the Bureau of Prisons to perform specified work on the two facilities. Ameresco then contracted with Axxis for Axxis to perform a portion of the work required by Ameresco's agreement with the Bureau of Prisons. Ameresco's failure to provide Axxis with access to the facilities in the manner the parties agreed disrupted Axxis productivity and caused Axxis delays. Axxis has been damaged by Ameresco's failures. Moreover, Ameresco failed to pay to Axxis the retainage that Ameresco withheld. Finally, Western Surety Company and Liberty Mutual Insurance Company are the sureties on the relevant payment bond associated with the two projects and are thus liable to Axxis for Ameresco's breaches.

## PARTIES

2. Plaintiff, Axxis Building Systems, Inc. is a Texas corporation with its principal place of business in Fort Worth, Texas.

3. Defendant Ameresco, Inc. is a Massachusetts corporation with its principal place of business in Framingham, Massachusetts. Ameresco maintains a registered agent for service of process in the State of Texas, and may be served with process by service upon that agent, National Registered Agents, Inc. at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4. Defendant Western Surety Company ("WSC") is a South Dakota corporation with its principal place of business at 333 S. Wabash Ave., Chicago, IL 60604. Pursuant to Fed. R. Civ. P. 4(h), WSC may be served by delivering a copy of the summons and the complaint to an officer, a managing general agent, or any other agent authorized by appointment or by law to received service of process. WSC's designated registered agent is CT Corporation System, 319 S. Coteau St., Pierre, SD 57501-3187.

5. Defendant Liberty Mutual Insurance Company ("LMI") is a Massachusetts corporation with its principal place of business at 175 Berkeley Street, Boston, MA 02116. Pursuant to Fed. R. Civ. P. 4(h), LMI may be served by delivering a copy of the summons and the complaint to an officer, a managing general agent, or any other agent authorized by appointment or by law to received service of process. LMI's designated registered agent is Corporation Service Company, 84 State St., Boston, MA 02109.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over Axxis' Miller Act claims pursuant to 28 U.S.C. §1352, 28 U.S.C. §1331, and 40 U.S.C. §3133 *et seq.*

7. This Court has jurisdiction over Axxis' other claims pursuant to 28 U.S.C. §1367.

8. Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. §1391(b)(1) and (2) and 40 U.S.C. §3133(b)(3).

## FACTS

9. In or around 2014, the United States Department of Energy, as part of its Federal Energy Management Program, entered into an Energy Management Performance Contract, Contract No. DE-AM36-09GO29029 ("Master Agreement"), with Ameresco, for the construction, installation and implementation of various energy conservation measures ("ECMs") at federal facilities. The Master Agreement is an Indefinite Delivery/Indefinite Quantity Agreement pursuant to which various Federal government agencies may issue task orders against the Master Agreement that contain discrete scopes of ECM work and discrete contract values.

10. In or around September of 2014, the Federal Bureau of Prisons ("BOP") issued Task Order DJBP0700CCSESPC006 (hereinafter the "Task Order") to Ameresco for the performance of certain ECM work at the BOP's facilities at FCI El Reno, FCI Fort Worth, and FMC Carswell.

*The Projects*

11. Shortly after the BOP issued the Task Order, Ameresco and Axxis entered into two separate subcontracts (the "Agreements") for the performance of ECM work at and for the BOP buildings at FCI Fort Worth ("FCI Project") and FMC Carswell ("FMC Project"), respectively (collectively, hereinafter, the "Projects").[1]  A true and correct copy of the Agreement for the FCI Project (hereinafter the "FCI Agreement") is attached hereto as Exhibit "A", and a true and correct

---

[1] Ameresco and Axxis entered into several other subcontracts relating to other facilities. Because those contracts are not at issue in this litigation, Axxis does not find it necessary or appropriate to list them in this Complaint.

PLAINTIFF'S ORIGINAL PETITION – PAGE 3
4573633.1

copy of the Agreement for the FMC Project (hereinafter the "FMC Agreement") is attached hereto as Exhibit "B".[2]

12. Axxis' scope of work is more particularly defined in the respective Agreements, and generally consisted of providing labor, materials and equipment to install new components and modify existing components of the facilities' respective heating and cooling systems ("Work").

13. FCI Fort Worth and FMC Carswell are federal correctional facilities. Both correctional facilities were in operation during the course of the Projects and housed federal inmates throughout the course of Work.

14. Because the Work required labor to be performed within operating correctional facilities, with some of the Work to be performed within secure areas of the facilities, the BOP required workers to be escorted in the facilities by BOP guards, and had scheduled hours in which workers were allowed access to the facilities.

15. Ameresco was responsible for ensuring Axxis had escorts to perform its work and access to the facilities..

16. Throughout the course of the Projects, Ameresco routinely failed to ensure that sufficient escorts were provided for Axxis to perform its Work, and Axxis was repeatedly unable to access the facilities at the scheduled times. Axxis experienced delays and disruptions in the performance of its Work as a result of Ameresco's failures. Axxis has been damaged by Ameresco's failures by, for example, being forced to incur the cost and expense of additional man hours to perform the Agreements and additional overhead costs.

---

[2] Exhibits A and B attached to this Complaint omit numerous and voluminous exhibits and attachments that are incorporated into the FCI Agreement and the FMC Agreement.

**PLAINTIFF'S ORIGINAL PETITION – PAGE 4**
4573633.1

17. Moreover, Axxis performed additional work at Ameresco's direction and Axxis has not been paid for such work.

18. Axxis has completed its work at both the FCI Fort Worth facility and the FMC Carswell facility, however, Ameresco has failed to pay Axxis its retainage.

19. Ameresco and Axxis have attempted to resolve their respective claims on both the FCI Project and the FMC Project through the exchange of written offers and discussion.

20. On or about November 13, 2017, by letter Ameresco issued its "Final Offer in Compromise", as Ameresco's final offer to compromise Ameresco's and Axxis' disputes related to the claims on both the FCI Project and the FMC Project. Axxis rejected Ameresco's final offer.

***Payment Bond***

21. Because the Projects involved federal buildings, the Projects were subject to the Miller Act (40 U.S.C. §§3131 *et seq*. Consequently, Ameresco was obligated to secure payment and performance bonds for the Projects.

22. Ameresco obtained a payment bond in relation to the Task Order. Ameresco, as principal, and Western Surety Company ("WSC") and Liberty Mutual Insurance Company ("LMI") (hereinafter, collectively, the "Sureties"), as sureties, issued a bond under Bond Nos. 929601358 and 012023074 on or about September 30, 2014 (the "Payment Bond"). A true and accurate copy of the Payment Bond is attached hereto as Exhibit "C"

23. Axxis has supplied the FCI Project with labor and/or materials within the last year, including on or after March 20, 2017.

24. Axxis has supplied the FMC Project with labor and/or materials within the last year, including on or after July 7, 2017.

25. Axxis has not performed any work other than repair and/or replacement work on the FCI Project within the last 90 days.

26. Axxis has not performed any work on the FMC Project other than repair and/or replacement work within the last 90 days.

27. Axxis, as a direct subcontractor to Ameresco, was not required to provide the notice required of lower-tier subcontractors by 40 U.S.C. 3133(b)(2).

28. On or about January 31, 2018, by letter sent via Certified Mail Return Receipt Requested, Axxis notified the Sureties and Ameresco of its claim on the FCI Project ("FCI Claim") in the principal amount of $576,554.27.

29. On or about March 12, 2018, by letter sent via Certified Mail Return Receipt Requested, Axxis notified the Sureties and Ameresco of its claim on the FMC Project ("FMC Claim") against Ameresco and the Payment Bond in the principal amount of $1,244,294.07.

30. Neither Surety has accepted or denied the FCI Claim in whole or in part.

31. Neither Surety has accepted or denied the FMC Claim in whole or in part.

### CAUSES OF ACTION

*Breach of Contract – FCI Fort Worth & FMC Carswell*

32. The FCI Agreement and FMC Agreement are both valid and enforceable contracts existing by and between Axxis and Ameresco. Axxis performed under the Agreements, including the furnishing of the Work contemplated by the Agreements.

33. Axxis has demanded payment from Ameresco for the labor and materials it provided under the Agreements, but Defendant Ameresco has failed and refused to make payment.

34. Ameresco's failure to make payment constitutes a breach of contract, which has resulted in damages to Axxis, for which Axxis now seeks recovery. In addition to recovery of

such damages, Axxis is entitled to recovery from Ameresco interest, reasonable attorneys' fees, and costs incurred in the prosecution of this lawsuit in an amount to be proven.

*Miller Act*

35. Axxis brings this claim against the Defendants under the Miller Act, 40 U.S.C. §3131 *et seq.*

36. By executing the Payment Bond, WSC and LMI undertook a direct obligation with the United States of America to act as the sureties with respect to Ameresco's obligations to make payments to subcontractors and suppliers for labor and materials furnished under the Task Order.

37. Under the Payment Bond, WSC and LMI have an obligation to make payment of all amounts due and owing to Axxis for its Work.

38. Axxis supplied materials and labor to each of the Projects. Axxis was not paid in full within 90 days after the day on which it last supplied labor and materials to each of the Projects, and remains unpaid in full as of the filing of this Complaint.

39. Axxis is a subcontractor with a direct contractual relationship with the contractor, Ameresco, and is therefore eligible to file a lawsuit to enforce its Miller Act claim against the Payment Bond.

40. This lawsuit is brought no later than 1 year after the date on which Axxis provided the last labor and materials to the FMC Project and the FCI Project.

*Federal Prompt Payment Act*

41. Though demand has been made upon Defendants for payment of the sums of money above, the Defendants have failed and refused to pay the unpaid balance due.

42. By failing to timely pay the unpaid balance due, Defendants have violated the Federal Prompt Payment Act. 31 U.S.C. §3901 *et seq.* Thus, the balances are accruing statutory interest under the Prompt Payment Act.

43. Plaintiff seeks recovery of interest at law and by contract, as damages and as interest.

## *Quantum Meruit*

44. Axxis provided valuable services and materials to Ameresco on the FMC Project and the FCI Project.

45. The services and materials were provided for the benefit of Ameresco.

46. Ameresco accepted the services and materials, and had reasonable notice that Axxis expected compensation for the services and materials.

47. Accordingly, Axxis is entitled to recovery of the reasonable value of the services and materials, interest at the maximum rate allowed by law, attorneys' fees and costs.

## *Conditions Precedent*

48. All conditions precedent to the bringing of this lawsuit have been performed or occurred, or have been waived.

## **PRAYER**

Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendants, jointly and severally, awarding as follows:

    a. Actual damages of $576,554.27 related to the FCI Project;

    b. Actual damages of $1,244,294.07 related to the FMC Project;

    c. Reasonable attorneys' fees in an amount to be proven at trial;

    d. Pre and Post-Judgment interest at the highest rate allowed by law;

  e. Costs of Court; and

  f. All other and further relief, at law or in equity, to which Plaintiff may show itself entitled.

           Respectfully submitted,

           **GRAY REED & MCGRAW LLP**
           1601 Elm Street, Suite 4600
           Dallas, Texas  75201
           Telephone: 214.954.4135
           Telecopier: 214.953.1332

          By: */s/ Russell E. Jumper*
            RUSSELL E. JUMPER
            State Bar No. 24050168
            rjumper@grayreed.com
            J.P. B. VOGEL
            State Bar No. 24039910
            jpvogel@grayreed.com

          **ATTORNEYS FOR PLAINTIFF**